SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
mgrajski@seyfarth.com
Lindsay Fitch (SBN 238227)
lfitch@seyfarth.com
Geoffrey C. Westbrook (SBN 281961)
gwestbrook@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:     (916) 448-0159
Facsimile:     (916) 558-4839

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE LINDSEY, | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |
| COSTCO WHOLESALE CORPORATION, a Washington Corporation; DOES 1-20, inclusive, | **Complaint Filed**: December 3, 2014 |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE Defendant Costco Wholesale Corporation ("Costco") hereby removes the above-referenced action from the Superior Court of the State of California, County of San Francisco, pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction on the basis of diversity of citizenship, codified in relevant part at 28 U.S.C. section 1332, and asserts removal is proper for the following reasons:

### PLEADINGS AND PROCEEDINGS TO DATE

1.     On December 3, 2014, an action was commenced in the Superior Court of the State of California, County of San Francisco, entitled *Laurie Lindsey v. Costco Wholesale Corporation, a Washington Corporation*, *Juan Aguilera, and DOES 1-20, inclusive,* Case No. CGC-14-543028. Plaintiff Laurie Lindsey ("Plaintiff") alleges claims against Costco for: (1) sex harassment in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to prevent harassment under

1

FEHA; and (3) negligent hiring, supervision, and/or retention of employee.[1] A copy of the summons and Complaint, as well as other materials served therewith, are attached as **Exhibit A**.

2.      Costco was served and timely answered the Complaint on January 12, 2015. A true and correct copy of the Answer is attached as **Exhibit B**.

3.      Plaintiff dismissed individual defendant Juan Aguilera with prejudice on June 1, 2015. A true and correct copy of the dismissal is attached as **Exhibit C**.

**TIMELINESS OF REMOVAL**

4.       This notice of removal is timely because it is filed less than one year from the date this action was commenced and within thirty days of the June 1, 2015 dismissal of defendant Juan Aguilera. 28 U.S.C. §  1446(b); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

5.      The case was not initially removable based on the jurisdictional facts alleged in the Complaint. Specifically, the inclusion of Juan Aguilera, a citizen of the United States of America, State of California, as a named defendant. The action first became removable on June 1, 2015 when Mr. Aguilera was dismissed with prejudice based on federal diversity of citizenship.

**DIVERSITY JURISDICTION**

6.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and is one which may be removed to this Court by Costco pursuant to 28 U.S.C. section 1441(a) because this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.      **Plaintiff is a Citizen of California.** For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff alleges she presently resides in California and has resided in California at all relevant times to this action. (**Exhibit A**, Compl. at ¶ 1.) Specifically, Plaintiff alleges she worked for Costco from 2008 to the present in San Francisco, where the events alleged in the Complaint occurred. (*Id.* ¶¶ 1-2, 7, 10-16.) Plaintiff's April 23, 2003, employment application with

---

[1] Plaintiff's claims for Intentional Infliction of Emotional Distress, Assault and Battery were alleged solely against defendant Juan Aguilera who was dismissed by Plaintiff with prejudice on June 1, 2015.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

20116950v.1

Costco shows she lived and worked in California continuously for the last 12 years. (**Exhibit D**.) Plaintiff is domiciled in California and a citizen of California for purposes of diversity jurisdiction.

8.     **Costco is a Citizen of Washington.** Pursuant to 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Plaintiff alleges Costco is incorporated in the State of Washington. (**Exhibit A**, Compl. at ¶ 2.) At all relevant times, Costco was, and still is, a Washington corporation with its principal place of business in Issaquah, Washington. (Declaration of Patrick Callans, Costco Senior Vice President of Human Resources and Risk Management ¶¶ 2-3.) Costco's principal place of business is Washington because, as the Supreme Court recognized, the appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under the test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.* As Issaquah, Washington is the site of Costco's corporate headquarters and executive offices, where Costco's high-level officers direct, control, and coordinate Costco's activities, Costco's "nerve center" is in Washington. (Callans Decl. ¶¶ 2-3.) Therefore, Costco is a citizen of the State of Washington pursuant to the "nerve center" test, and also citizen of the State of Washington pursuant to its organization. *The Hertz Corp.*, 599 U.S. at 92-93.

9.     **Former Defendant Juan Aguilera is a Citizen of California.** From July 14, 2004 to the present, Aguilera permanently resided in San Francisco, California, and worked for Costco. (Declaration of Juan Aguilera in Support of Removal ¶ 2.) Aguilera was a permanent resident in San Francisco during this time and intended to permanently remain there as his domicile from that time to the present. (*Id.*) From 2008 to August 9, 2014, Plaintiff alleges Aguilera harassed her at the Costco warehouse in San Francisco, where he regularly worked and presently continues to work. (**Exhibit A**, Compl. at ¶¶ 10-16.) Aguilera's dismissal, with prejudice, by Plaintiff on June 1, 2015 created diversity of citizenship between Plaintiff and Costco and made this action removable for the first time.

### AMOUNT IN CONTROVERSY

10.     While Costco denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because, "it is more likely than not" Plaintiff's Complaint places into

controversy an amount that exceeds the jurisdictional minimum of $75,000. In most cases, where a plaintiff does not plead a specific amount of damages, a defendant need only show that it is "more likely than not" that the amount placed in controversy by the complaint exceeds $75,000. *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mut. Auto. Ins., Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Here, Plaintiff asserts emotional injuries of $250,000.00 and special damages of $25,000.00 for "past and future loss of income, employee benefits, medical expenses, and other damages to be proven at time of trial." A party's verified discovery responses asserting specific dollar figures in damages may be used to support the amount in controversy requirement. *Paoa v. Marati*, No. CIV. 07-00370JMS-LEK, 2007 WL 2694414, at *5 (D. Haw. Sept. 11, 2007) *report and recommendation adopted*, No. CIV.07-00370JMS-LEK, 2007 WL 2917240 (D. Haw. Oct. 2, 2007). (**Exhibit A**; **Exhibit E**, Plaintiff's Verified Responses to Costco's Interrogatories, Set One.) ***Plaintiff's allegations alone satisfy the jurisdictional minimum.***

11.     "The ultimate inquiry is what amount is put in controversy by the plaintiff, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204-05.

12.     In determining the amount in controversy, the Court must consider ***the aggregate o*f *general damages, special damages, punitive damages, and attorneys' fees.*** *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for punitive damages, attorneys' fees, general and special damages).

13.     Plaintiff alleges three claims against Costco: (1) sex harassment in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to prevent harassment under FEHA; and (3) negligent hiring, supervision, and/or retention of employee.

14.     Plaintiff seeks emotional distress damages, loss of past and future wages, punitive damages and attorney's fees pursuant to her harassment and failure to prevent claims. She seeks emotional distress and general damages from Costco's negligent hiring, supervision, and/or retention of

4

Juan Aguilera. All of these alleged damages are aggregated to determine the amount in controversy. *Galt*, 142 F.3d at 1156; *Conrad Assoc.'s*, 994 F. Supp. at 1198.

### 1.   Emotional Distress Damages

15.     Plaintiff has been an employee of Costco for more than 12 years. (**Exhibit A**, Compl. ¶¶ 10-16.) She alleges her supervisor, Juan Aguilera, harassed her based on her gender and/or sexual orientation from 2008 to August 9, 2014 (approximately a six year period). (*Id.*) On August 9, 2014, Plaintiff alleges Aguilera "aggressively, violently, and forcefully hit Lindsey with his chest and upper right arm." (*Id.* ¶ 16.) In additional to harassment, Plaintiff alleges Costco negligently hired, supervised and retained Aguilera as an employee and failed to take steps to prevent harassment. (*Id.* ¶¶ 32-43.) She alleges "shock, embarrassment, humiliation, emotional distress, stress, multiple physical symptoms, and such other damages as may be proved at trial." (*Id.* ¶ 29.) She estimates emotional distress damages of $250,000. (**Exhibit E**.)

### 2.   Lost Past and Future Wages

16.     Plaintiff estimates lost past and future earnings of $25,000.00 stemming from Juan Aguilera's harassment. (**Exhibit A**, Compl. ¶ 28.) It is proper to include both back and front pay damages in determining the amount in controversy. *Celestino v. Renal Advantage, Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 at *3 (N.D. Cal.  April 24, 2007) (holding "the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the removal."); *Brady v. Mercedes-Benz U.S.A, Inc.*, 243 F. Supp. 2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that terms such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal.").

### 3.   Punitive Damages

17.     In addition to lost and future wages, and emotional distress damages, Plaintiff seeks an award of punitive damages as to her sex harassment and failure to prevent harassment claims. (**Exhibit A**, Compl. at ¶¶ 30 and 37). Punitive damages awards in comparable single-plaintiff employment actions asserting harassment frequently exceed $75,000. *See, e.g., Vaughn v. Lalama*, No. CIV-194895, 2002 WL 179685 (Ventura Cnty. Sup. Ct. Mar. 15, 2002) ($1,000,000 punitive damages award in single-

plaintiff harassment action); *Idris v. Andrews International*, No. 1202280011, 2012 WL 639000 (San Francisco Cnty. Sup. Ct. Jan. 18, 2012) ($400,000 punitive damages award in single-plaintiff harassment action); *Doe Female v. Northrop Corp.*, No. BC067428, 1997 WL 34893729 (Los Angeles Cnty. Sup. Ct. Aug. 1, 1997) ($250,000 punitive damages award in single-plaintiff harassment action).

### 4.   **Attorneys' Fees**

18.   Plaintiff also seeks to recover attorneys' fees. (**Exhibit A**, Compl. ¶¶ 31, 38.) Requests for attorney's fees must be considered in ascertaining the amount in controversy. *Galt*, 142 F.3d at 1156. Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that alone would "more likely than not" exceed $75,000. Plaintiff's counsel, Stephen Jaffe, has more than 40 years of litigation experience. Assuming a rate of $500.00 an hour, which is low for a San Francisco attorney with decades of experience, Mr. Jaffe need only work 150 hours before exceeding $75,000. Litigating a case to trial--including written discovery, percipient witness and expert depositions, dispositive and discovery motion practice, and pretrial preparation--will "more likely than not" exceed 300 hours. Additionally, jury verdicts show that attorneys' fees in comparable single-plaintiff employment cases typically exceed $75,000. *See, e.g., Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05445104, 2007 WL 4339112 (San Francisco Cnty. Sup. Ct. June 21, 2007) ($1,059,351 attorney's fees award in single-plaintiff gender harassment action).

20.   For each of the foregoing reasons, while Costco denies any liability as to Plaintiff's claims, it is "more likely than not" the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### VENUE

21.   Removal to this Court is proper pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because the state court action was filed in San Francisco County.

### NOTICE OF REMOVAL

22.   Costco will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in and for the County of San Francisco. This Notice of Removal is concurrently being served on all parties.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

20116950v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     23.     WHEREFORE, Costco prays this civil action be removed from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

DATED: June 29, 2015               Respectfully submitted,

                        SEYFARTH SHAW LLP


                        By:  /s/ Geoffrey C. Westbrook
                             Geoffrey C. Westbrook
                             Mark P. Grajski
                             Lindsay Fitch

                        Attorneys for Defendant
                      COSTCO WHOLESALE CORPORATION

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

20116950v.1

**EXHIBIT A**

1  Stephen R. Jaffe, Cal. Bar No. 49539
   stephen.r.jaffe@jaffetriallaw.com
2  Bailey K. Bifoss, Cal. Bar No. 278392
   bailey.k.bifoss@jaffetriallaw.com
3  THE JAFFE LAW FIRM
   150 California Street, 21st Floor
4  San Francisco, California 94111
   T: (415) 618-0100
5  F: (415) 618-0080

6  Attorneys for Plaintiff
   LAURIE LINDSEY
7

**F I L E D**
Superior Court of California
County of San Francisco

DEC 03 2014

CLERK OF THE COURT
BY: _Mary Ann Moran_
Deputy Clerk

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10                    UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| 11  LAURIE LINDSEY, | Case No. **CGC - 14 - 543028** |
| 12            Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 13       v. | 1. Harassment Based on Sex in Violation of the Fair Employment and Housing Act; |
| 14  COSTCO WHOLESALE, a Washington Corporation; JUAN AGUILERA; DOES 1-20, inclusive, | 2. Failure to Take Steps to Prevent and Correct Harassment, Discrimination, and Retaliation in Violation of the Fair Employment and Housing Act; |
| 16            Defendants. | 3. Negligent Hiring, Supervision, and/or Retention of Employee; |
| 17 | 4. Intentional Infliction of Emotional Distress; |
| 18 | 5. Assault; |
| 20 | 6. Battery; |
| 21 | |
| 22 | **DEMAND FOR JURY TRIAL** |

**BY FAX**

1  Plaintiff hereby complains and alleges as follows:

2  **PARTIES**

3     1.  Plaintiff LAURIE LINDSEY (hereinafter referred to as "Lindsey" or "Plaintiff") is a female

4  adult natural person who is and was at times mentioned herein a resident of the State of California,

5  City and County of San Francisco, and employed by the Defendant, Costco Wholesale Corporation.

6     2.  COSTCO WHOLESALE CORPORATION (hereinafter referred "Costco") is a corporation

7  organized under the laws of the Washington, and qualified to conduct business within the State of

8  California. Plaintiff is informed and believes Defendant maintains its business in San Francisco

9  County, California.

10    3.  JUAN AGUILERA (hereafter "Aguilera") is an adult male natural person. At all times

11  mentioned herein, Aguilera was an employee of Costco. Aguilera was the direct supervisor of Plaintiff

12  during Plaintiff's employment with the Costco.

13    4.  The true names and capacities of DOES 1-20 are unknown to Plaintiff and they are sued under

14  fictitious names.  The true names and capacities, whether individual, corporate, associate, or otherwise,

15  of DOES 1-20, inclusive, are unknown to Plaintiff, who therefore sues the DOE Defendants by

16  fictitious names.  Plaintiff will amend this complaint to show their true names and capacities when

17  they have been ascertained.  For the purposes of this Complaint, each use of the term "Defendant" or

18  "Defendants"), refers not only to each/all named Defendant(s), but also to DOES 1-20.

19    5.  All of the events described and alleged in this complaint occurred in the County of San

20  Francisco, State of California.

21  **VENUE AND JURISDICTION**

22    6.  Jurisdiction is proper pursuant to California Code of Civil Procedure § 410.10.

23    7.  Venue is proper because Costco is located in the County of San Francisco, State of California,

24  and the acts and/or omissions and events set forth in this Complaint occurred in the County of San

25  Francisco and the State of California.

26    8.  The amount in controversy in this action, exclusive of interest, costs and attorney fees, exceeds

27  the minimum jurisdictional threshold of this Court.

28

1

LINDSEY COMPLAINT

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9.   On November 20, 2014 and within the time provided by law, Plaintiff filed administrative charges with the California Department of Fair Employment and Housing ("DFEH") against Defendants and received a "Right to Sue" notice on the same date. Charge No. 412797-134418. Plaintiff thus timely exhausted her administrative remedies as required by law.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. In 2003, Costco hired Lindsey as a cashier assistant. Lindsey began working in San Francisco in 2008 with Aguilera.

11. In 2008, Aguilera made reference to another female employee to Lindsey and told her, "You're chopped liver – She's filet mignon."

12. Beginning in 2008, Aguilera would frequently made sexual and degrading remarks to Lindsey, offering unwarranted, derogatory, and unsolicited statements such as, "look at her" and "look at that," in reference to female customers.

13. Aguilera referred to Lindsey as "Sir" on countless occasions.

14. In March 2014, Aguilera told Lindsey, "Gaps are meant to be filled." This statement was made as a reference to Lindsey's sexual orientation and identity and was meant to be offensive and derogatory.

15. Aguilera pointed out a same sex female couple, scoffed at Lindsey and said, "They would be [lesbians]."

16. On August 9, 2014, Aguilera approached Lindsey and intentionally violated her personal space by standing unreasonably close. Aguilera then aggressively, violently, and forcefully hit Lindsey with his chest and upper right arm. Lindsey felt the effects instantly as she was forced backwards from the impact. Lindsey immediately felt pain and numbness in her right arm, back, and hand. Aguilera was unapologetic, he praised "his pecs" and gloated, "I just pulled a Billy Wu move." Laurie reported the attack to her supervisor.

17. As a result of Lindsey's injury by Aguilera, Lindsey experienced a right wrist sprain, right forearm contusion, and right upper arm contusion. Due to her injuries, Lindsey was placed on

LINDSEY COMPLAINT

1    modified duty.

2    **FIRST CAUSE OF ACTION**

3    **Harassment Based on Sex in Violation of the FEHA**

4    **(Against All Defendants)**

5       18. Lindsey hereby incorporates each and every paragraph set forth above as though fully set forth

6    at this place.

7       19. Aguilera engaged in unlawful and unwelcome conduct of a sexual nature.

8       20. Lindsey was subjected to unwanted harassing conduct because of her sexual orientation and

9    identification.

10       21. The harassing conduct was severe and/or pervasive and wholly unwelcome.

11       22. A reasonable woman in Lindsey's circumstances would have considered her work environment

12    to be hostile and/or abusive and Lindsey, in fact, considered the work environment to be hostile or

13    abusive.

14       23. At all relevant times herein, Aguilera was a supervisor and agent of Costco.

15       24. Aguilera engaged in the harassing conduct alleged herein. Costco is therefore liable for the

16    conduct of Aguilera.

17       25. Aguilera's conduct was a substantial factor in causing Lindsey's harm.

18       26. Aguilera willfully and/or with reckless indifference, violated the FEHA and harassed Lindsey

19    as outlined above.

20       27. Such harassment resulted in damage and injury to Lindsey as alleged herein.

21       28. As a direct and proximate result of the unlawful conduct of Aguilera, Lindsey has suffered

22    special damages in excess of $25,000, including but not limited to past and future loss of income,

23    benefits, medical expenses, and other damages to be proven at time of trial.

24       29. As a direct and proximate result of the unlawful conduct of Aguilera, Lindsey suffered general

25    damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress

26    multiple physical symptoms and such other damages as may be proved at trial.

27       30. Aguilera committed the acts herein alleged maliciously, fraudulently and oppressively in

28

LINDSEY COMPLAINT

conscious disregard for Lindsey's rights. Lindsey is, therefore, entitled to recover punitive damages from Aguilera in an amount according to proof at trial.

31. As a result of the conduct of Defendants, Lindsey was forced to retain attorneys in order to protect her rights. Accordingly, Lindsey seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, PLAINTIFF prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

**Failure to Take Steps to Prevent and Correct Harassment in Violation of the FEHA**

**(Against Costco Only)**

32. Lindsey hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

33. Lindsey is informed and believes and thereon alleges that Costco failed to take reasonable steps to prevent and/or stop harassment, discrimination, and/or retaliation from occurring in the workplace, in violation of the FEHA.

34. Lindsey is informed and believes and thereon alleges that harassment, discrimination, and/or retaliation against her resulted from Costco's failure to have in place a policy and/or reporting mechanism and/or their failure to take all reasonable steps to prevent or correct harassment from occurring in the workplace.

35. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has sustained and continues to sustain economic losses, including wage and benefit loss, future and past. Plaintiff has also suffered and continues to suffer non-economic losses, including pain and suffering and severe emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

36. The unlawful conduct alleged above was engaged in and/or ratified by Costco. Costco is, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

37. Aguilera committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Lindsey's rights. Costco committed and/or ratified the acts alleged herein.

4

1  These acts were committed with the knowledge of employees' lack of fitness in the workplace but

2  were allowed to proceed, by officers, directors, and/or managing agents of Costco. Lindsey is,

3  therefore, entitled to recover punitive damages from Costco and Aguilera in an amount according to

4  proof at trial.

5  38. As a result of the conduct of Defendant, Lindsey was forced to retain an attorney in order to

6  protect her rights. Accordingly, Lindsey seeks the reasonable attorneys' fees and costs incurred in this

7  litigation in an amount according to proof at trial.

8  WHEREFORE, PLAINTIFF prays for judgment as set forth below.

9  **THIRD CAUSE OF ACTION**

10  **Negligent Hiring, Supervision and/or Retention of Employee**

11  **(Against Costco Only)**

12  39. Lindsey hereby incorporates each and every paragraph set forth above as though fully set forth

13  at this place.

14  40. Aguilera was unfit and/or incompetent to perform the work for which he was hired.

15  41. Costco knew or should have known Aguilera was unfit and/or incompetent and that this created

16  a particular risk to others, in particular, to Lindsey.

17  42. Costco's negligence in hiring, supervising, and/or retaining Aguilera was a substantial factor in

18  causing Lindsey harm.

19  43. As a direct and proximate result of the unlawful conduct of Costco, Lindsey has suffered

20  general damages including but not limited to shock, embarrassment, humiliation, emotional distress,

21  stress and other damages to be proven at the time of trial.

22  WHEREFORE, PLAINTIFF prays for judgment as set forth below.

23  **FOURTH CAUSE OF ACTION**

24  **Intentional Infliction of Emotional Distress**

25  **(Against Aguilera Only)**

26  44. Lindsey hereby incorporates each and every paragraph set forth above as though fully set forth

27  at this place.

28

5

45. Aguilera's conduct towards Lindsey was outrageous and shocks the conscience.

46. Aguilera intended to cause Lindsey emotional distress and/or acted with reckless disregard of the probability that Lindsey would suffer emotional distress.

47. Lindsey suffered severe emotional distress.

48. Aguilera's conduct was a substantial factor in causing Lindsey's severe emotional distress.

49. As a direct and proximate result of the unlawful conduct of Aguilera, Lindsey has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial

50. As a direct and proximate result of the unlawful conduct of Aguilera, Lindsey has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress , multiple physical symptoms and other damages to be proven at the time of trial.

51. Aguilera committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Lindsey's rights. Lindsey is, therefore, entitled to recover punitive damages from Aguilera in an amount according to proof at trial.

WHEREFORE, PLAINTIFF prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION

### Assault

### (Against Aguilera Only)

52. Lindsey hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

53. Aguilera conduct was intended to cause Lindsey harmful and/or offensive contact.

54. Lindsey reasonably believed that she was about to be touched in a harmful and/or offensive manner.

55. It reasonably appeared to Lindsey that Aguilera was about to carry out the threat.

56. Lindsey did not consent to Aguilera's conduct.

57. Aguilera's conduct was a substantial factor in causing Lindsey's harm.

58. As a direct and proximate result of the unlawful conduct of Aguilera, Lindsey has suffered

6

1  general damages including but not limited to shock, embarrassment, humiliation, emotional distress,

2  stress and other damages to be proven at the time of trial.

3     59. Aguilera committed the acts herein alleged maliciously, fraudulently and oppressively in

4  conscious disregard for Lindsey's rights. Lindsey is, therefore, entitled to recover punitive damages

5  from Aguilera in an amount according to proof at trial.

6        WHEREFORE, PLAINTIFF prays for judgment as set forth below.

7                          **SIXTH CAUSE OF ACTION**

8                                **Battery**

9                          **(Against Aguilera Only)**

10     60. Lindsey hereby incorporates each and every paragraph set forth above as though fully set forth

11  at this place.

12     61. Without her consent, Aguilera touched Lindsey with the intent to harm and offend her, and

13  acted with a willful disregard of Lindsey's rights.

14     62. Lindsey was harmed and/or offended by Aguilera's conduct.

15     63. A reasonable person in Lindsey's situation would have been offended by the touching.

16     64. As a direct and proximate result of the unlawful conduct of Aguilera, Lindsey has suffered

17  general damages including but not limited to shock, embarrassment, humiliation, emotional distress,

18  stress and other damages to be proven at the time of trial.

19     65. Aguilera committed the acts herein alleged maliciously, fraudulently and oppressively in

20  conscious disregard for Lindsey's rights. Lindsey is, therefore, entitled to recover punitive damages

21  from Aguilera in an amount according to proof at trial.

22        WHEREFORE, PLAINTIFF prays for judgment as set forth below.

23                          **PRAYER FOR RELIEF**

24        WHEREFORE, PLAINTIFF makes the following demand:

25  a.   That process be issued and served as provided by law, requiring Defendants to appear and

26       answer or face judgment;

27  b.   That Plaintiff have and recover judgment against Defendants in an amount to be determined at

28

7

1  trial as general, special, actual, compensatory and/or nominal damages for its wrongful

2  conduct;

3  c.  That Plaintiff have and recover a judgment against Aguilera for punitive damages in an amount

4     to be determined at trial sufficient to punish, penalize and/or deter Aguilera;

5  d.  That Plaintiff have and recover a judgment against Defendants in an amount to be determined

6     at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees

7     and costs (fees as permitted by statute); and

8  e.  That Plaintiff have and recover a judgment against Defendants for all pre-judgment and post-

9     judgment interest; and

10 f.  For such other relief as this Court deems just and proper.

11 Dated: December 2, 2014                    THE JAFFE LAW FIRM

12

13                                           Stephen R. Jaffe (SBN 49539)
                                             Bailey K. Bifoss (SBN 278392)
14                                           Attorneys for Plaintiff LAURIE LINDSEY

15 PLAINTIFF LAURIE LINDSEY hereby demands trial by jury.

16 Dated: December 2, 2014                    THE JAFFE LAW FIRM

17

18                                           Stephen R. Jaffe (SBN 49539)
19                                           Bailey K. Bifoss (SBN 278392)
                                             Attorneys for Plaintiff LAURIE LINDSEY
20

21

22

23

24

25

26

27

28

8

LINDSEY COMPLAINT

**EXHIBIT B**

1    SEYFARTH SHAW LLP
     Mark P. Grajski (SBN 178050)
2    mgrajski@seyfarth.com
     Lindsay S. Fitch (SBN 238227)
3    lfitch@seyfarth.com
     Geoffrey C. Westbrook (SBN 281961)
4    gwestbrook@seyfarth.com
     400 Capitol Mall, Suite 2350
5    Sacramento, California 95814-4428
     Telephone:   (916) 448-0159
6    Facsimile:   (916) 558-4839

7    Attorneys for Defendants
     COSTCO WHOLESALE and JUAN AGUILERA

8

**ELECTRONICALLY**
**FILED**
Superior Court of California,
County of San Francisco
**01/12/2015**
**Clerk of the Court**
BY:WILLIAM TRUPEK
               **Deputy Clerk**

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF SAN FRANCISCO

11    LAURIE LINDSEY,             Case No. CGC-14-543028

12         Plaintiff,              UNLIMITED JURISDICTION

13        v.                  **COSTCO WHOLESALE'S ANSWER TO**
                              **COMPLAINT FOR DAMAGES**
14    COSTCO WHOLESALE, a Washington
     Corporation; JUAN AGUILERA; DOES 1-20,
15    inclusive,

16         Defendants.
                               Complaint Filed:  December 3, 2014

17

18       Defendant COSTCO WHOLESALE ("Defendant") answers the unverified Complaint of

19    Plaintiff LAURIE LINDSEY ("Plaintiff") as follows:

20                         **GENERAL DENIAL**

21       Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d),

22    Defendant denies, generally and specifically, each and every allegation, statement, matter and each

23    purported cause of action contained in Plaintiff's Complaint. Without limiting the generality of the

24    foregoing, Defendant also denies, generally and specifically, that Plaintiff has been damaged in the

25    manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant, or

26    either of them.

27    ///

28    ///

                                       1

            DEFENDANT COSTCO WHOLESALE'S ANSWER TO COMPLAINT

18737223v.1

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

### (Failure to State A Cause Of Action)

Plaintiff's Complaint and each and every cause of action purported to be alleged therein fails to state facts sufficient to constitute a cause of action.

### SECOND DEFENSE

### (Statutes of Limitation)

Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred by the applicable statute of limitations including, but not limited to, California Government Code sections 12960 and 12965; and California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

### THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's causes of action for violation of the California Fair Employment and Housing Act are barred to the extent Plaintiff has failed to exhaust her administrative remedies pursuant to California Government Code sections 12960, 12965, and all other applicable laws.

### FOURTH DEFENSE

### (Managerial Discretion)

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

### FIFTH DEFENSE

### (Waiver)

Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part by the doctrine of waiver.

2

## SIXTH DEFENSE

### (Unclean Hands)

Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred, to the extent Plaintiff has unclean hands.

## SEVENTH DEFENSE

### (Estoppel)

Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part by judicial, equitable and/or collateral estoppel.

## EIGHTH DEFENSE

### (Laches)

Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part by the doctrine of laches.

## NINTH DEFENSE

### (Ratification/Consent)

Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred in whole or in part because any conduct by Defendant was ratified, consented to and/or acquiesced in by Plaintiff.

## TENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff is not entitled to back pay and/or other damages for any cause of action purported to be alleged in her Complaint to the extent she failed to seek and obtain other employment or otherwise failed to mitigate her alleged loss of wages or other damages.

## ELEVENTH DEFENSE

### (After-Acquired Evidence)

Plaintiff's causes of action are barred and/or her claims for damages are limited, to the extent they engaged in any fraud or misconduct of which Defendant Costco was unaware until after Plaintiff

DEFENDANT COSTCO WHOLESALE'S ANSWER TO COMPLAINT

18737223v.1

1  filed suit, and which, if known would have caused that Plaintiff to be terminated or not hired in the

2  first place.

### TWELFTH DEFENSE

**(Failure to Take Advantage of Reasonable Preventative Corrective Opportunities)**

5  To the extent any of the Defendant's employees or agents were negligent or engaged in

6  unlawful discriminatory, retaliatory, or harassing behavior toward Plaintiff, Defendant is not liable

7  for any such negligence, discrimination, retaliation, or harassment or Plaintiff's damages must be

8  reduced, because Defendant exercised reasonable care to prevent and correct promptly any negligent,

9  discriminatory, retaliatory, or harassing behavior, and Plaintiff unreasonably failed to take advantage

10  of any preventative or corrective opportunities provided or to otherwise avoid harm.

### THIRTEENTH DEFENSE

### (No Knowledge)

13  Plaintiff's causes of action are barred and/or her claims for damages are limited because

14  Defendant had no knowledge of any inappropriate, unwelcome, harmful, or unlawful conduct.

15  Further, there was no basis for Defendant to believe that Plaintiff suffered from any inappropriate,

16  unwelcome, harmful, or unlawful conduct.

### FOURTEENTH DEFENSE

### (Avoidable Consequences)

19  If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the

20  part of Defendant, said injury, damage, or loss must be reduced to the extent that Plaintiff failed to

21  exercise reasonable care to avoid or limit the alleged harm.

### FIFTEENTH DEFENSE

### (Workers' Compensation Act Preemption)

24  This Court lacks jurisdiction over Plaintiff's claim for damages for negligence, mental and/or

25  emotional and/or physical injuries arising out of Plaintiff's employment, in that the exclusive remedy

26  for such claims is provided by the California Workers' Compensation Act, California Labor Code

27  Sections 3200, *et seq.*

28  ///

4

DEFENDANT COSTCO WHOLESALE'S ANSWER TO COMPLAINT

18737223v.1

### SIXTEENTH DEFENSE

### (Setoff)

To the extent Plaintiff receives other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

### SEVENTEENTH DEFENSE

### (Comparative Fault)

If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff or others which contributed to and proximately caused any such injury, damage or loss.

### EIGHTEENTH DEFENSE

### (*Kolstad* Defense)

Plaintiff may not recover punitive damages against Defendant Costco for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant Costco has instituted against wrongful conduct.

### NINETEENTH DEFENSE

### (No Punitive Damages)

The Complaint, and the purported causes of action alleged therein, fail to allege facts sufficient to allow recovery of punitive or exemplary damages from Defendant under Civil Code section 3294.

### TWENTIETH DEFENSE

### (Lawful Policies)

Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant instituted against wrongful conduct.

///

///

5

1

## TWENTY-FIRST DEFENSE

2

### (Due Process)

3        To the extent that Plaintiff seeks punitive damages, she violates the right of Defendant to

4 protection from "excessive fines" as provided in the Eighth Amendment of the United States

5 Constitution and Article I, Section 17 of the Constitution of the State of California. Plaintiff also

6 violates the right of Defendant to substantive and procedural due process as provided in the Fifth and

7 Fourteenth Amendments to the United States Constitution and the California Constitution, and,

8 therefore, fails to state a cause of action upon which punitive damages may be awarded.

9

## TWENTY-SECOND DEFENSE

10

### (Legitimate Business Reasons)

11       The Complaint, and each purported cause of action contained therein, is barred in whole or in

12 part because the alleged conduct about which Plaintiff complains was not based on any actual or

13 perceived protected activity or characteristic, but was based on one or more legitimate business

14 reason.

15

## TWENTY-THIRD DEFENSE

16

### (Comparative Fault)

17       Defendant is informed and believe, and thereon allege, that the injuries, losses, and/or

18 damages alleged in the Complaint were caused and/or contributed to by the recklessness, negligence,

19 carelessness, and/or fault of parties and third parties other than Defendant, and Plaintiff's recovery

20 against Defendant, if any, must be reduced or barred by such activities of other parties, third parties,

21 persons, entities, or corporations.

22

23

## TWENTY-FOURTH DEFENSE

24

### (No Severe Emotional Distress)

25       Plaintiff's Complaint, and each and every purported cause of action alleged therein, is barred

26 to the extent that Plaintiff has not suffered any severe emotional distress, as required to support a

27 claim for emotional distress damages.

28 ///

6

DEFENDANT COSTCO WHOLESALE'S ANSWER TO COMPLAINT

18737223v.1

1

### TWENTY-FIFTH DEFENSE

2

#### (Lack of Causation for Emotional Distress Damages)

3     Plaintiff's Complaint, and each and every purported cause of action alleged therein, are barred

4     to the extent that Plaintiff has not alleged any tangible or medical evidence of emotional distress as a

5     result of any conduct alleged in the Complaint.  Alternatively, to the extent that any alleged

6     emotional distress is alleged by Plaintiff, it was caused by a collateral source other than Defendant.

7

### TWENTY-SIXTH DEFENSE

8

#### (Pre-existing Injuries)

9     Plaintiff's injuries, losses, or damages, if and to the extent they occurred, preexisted, or were

10    suffered after the relationships between Plaintiff and Defendant, and said injuries or illnesses were

11    neither caused by nor exacerbated by said relationships.

12

### TWENTY-SEVENTH DEFENSE

13

#### (No Attorneys' Fees)

14    Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient

15    to support a claim for recovery of attorneys' fees against Defendant.

16

### TWENTY-EIGHTH DEFENSE

17

#### (Speculative Damages)

18    Plaintiff's losses, if any, are speculative and/or uncertain, and therefore, not compensable.

19

### RIGHT TO ASSERT ADDITIONAL DEFENSES

20    Defendant presently has insufficient knowledge or information upon which to form a belief as

21    to whether there may be additional, as yet unstated, defenses and reserves the right to assert

22    additional defenses in the event discovery indicates such defenses are appropriate.

23

### DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES

24    Plaintiff knew or should have known that her claims are without any reasonable basis in law

25    or equity and cannot be supported by good faith argument for extension, modification or reversal of

26    existing law. As a result of Plaintiff's filing of this Complaint, Defendant has been required to obtain

27    the services of the undersigned attorneys, and have incurred and will continue to incur substantial

28

DEFENDANT COSTCO WHOLESALE'S ANSWER TO COMPLAINT

18737223v.1

1    costs and attorneys' fees in defense of this meritless case, and Defendant is therefore entitled to

2    recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

3                                              **PRAYER**

4         Wherefore, Defendant prays for judgment as follows:

5         1.      That Plaintiff take nothing by her Complaint;

6         2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of

7    action;

8         3.      That Defendant be awarded reasonable attorney's fees according to proof;

9         4.      That Defendant be awarded the costs of suit incurred herein; and

10        5.      That Defendant be awarded such other and further relief as the Court may deem

11   appropriate.

12

13   DATED: January 12, 2015                        SEYFARTH SHAW LLP

14

15                                                  By:
16                                                      Mark P. Grajski
                                                        Lindsay S. Fitch
17                                                      Geoffrey C. Westbrook

18                                                  Attorneys for Defendants
                                                    COSTCO WHOLESALE and JUAN
19                                                  AGUILERA

20

21

22

23

24

25

26

27

28

                                                    8
18737223v.1

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
               )   ss
COUNTY OF SAN FRANCISCO    )

   I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 400 Capitol Mall, Suite 2350, Sacramento, California  95814-4428.  On January 12, 2015, I served the within document(s):

**COSTCO WHOLESALE'S ANSWER TO COMPLAINT FOR DAMAGES;**

**DEFENDANT JUAN AGUILERA'S ANSWER TO COMPLAINT FOR DAMAGES**

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Stephen R. Jaffe, Esq. | *Attorneys for Plaintiff* |
| Bailey K. Bifoss, Esq. | |
| The Jaffe Law Firm | T:  (415) 618-0100 |
| 150 California Street, 21st Floor | F:  (415) 618-0080 |
| San Francisco, CA  94111 | Stephen.r.jaffe@jaffetriallaw.com |
| | Bailey.k.bifoss@jaffetriallaw.com |

   I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   Executed on January 12, 2015, at Sacramento, California.

             Linda  Ninelist

18738956v.1

**EXHIBIT C**

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephen R. Jaffe, Esq. (SBN 49539)<br>THE JAFFE LAW FIRM, 150 California St., 21st Floor, San Francisco 94111<br>TELEPHONE NO.: 415-618-0100     FAX NO. *(Optional):* 415-618-0080<br>E-MAIL ADDRESS *(Optional):* stephen.r.jaffe@jaffetriallaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Laurie LINDSEY | **ELECTRONICALLY**<br>**FILED**<br>Superior Court of California,<br>County of San Francisco<br>**06/01/2015**<br>**Clerk of the Court**<br>**BY:DAVID YUEN**<br>**Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: 400 McAllister Street |
| CITY AND ZIP CODE: San Francisco 94102 |
| BRANCH NAME: Civic Center Courthouse |

| PLAINTIFF/PETITIONER: Laurie LINDSEY |
|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE, et al. |

| **REQUEST FOR DISMISSAL** | CASE NUMBER: CGC-14-543028 |
|---|---|

| A conformed copy will not be returned by the clerk unless a method of return is provided with the document. |
|---|

| This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.) |
|---|

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [✓] With prejudice     (2) [ ] Without prejudice
   b. (1) [✓] Complaint          (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name)*:                          on *(date)*:
   (4) [ ] Cross-complaint filed by *(name)*:                          on *(date)*:
   (5) [ ] Entire action of all parties and all causes of action
   (6) [✓] Other *(specify):** As to Defendant Juan Aguilera ONLY.

2. *(Complete in all cases except family law cases.)*
   The court [ ] did [✓] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)*
   Date: 6-1-15

   Stephen R. Jaffe
   (TYPE OR PRINT NAME OF [✓] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                              ► (SIGNATURE)

   *If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

   Attorney or party without attorney for:
   [✓] Plaintiff/Petitioner     [ ] Defendant/Respondent
   [ ] Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

   _____     ►_____
   (TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                 (SIGNATURE)

   ** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

   Attorney or party without attorney for:
   [ ] Plaintiff/Petitioner     [ ] Defendant/Respondent
   [ ] Cross-Complainant

*(To be completed by clerk)*
4. [ ] Dismissal entered as requested on *(date)*:
5. [ ] Dismissal entered on *(date)*:                              as to only *(name)*:
6. [ ] Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. [ ] Attorney or party without attorney notified on *(date)*:
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed     [ ] means to return conformed copy

Date: _____     Clerk, by _____ , Deputy

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| PLAINTIFF/PETITIONER: LAURIE LINDSEY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE, INC. | CGC-14-543028 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

**Declaration Concerning Waived Court Fees**

1. The court waived court fees and costs in this action for (name):

2. The person named in item 1 is (check one below):
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. (If item 2c is checked, item 3 must be completed.)

3. ☐ All court fees and court costs that were waived in this action have been paid to the court (check one): ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

▶

_____     _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

PROOF OF SERVICE

I am a citizen of the United States over the age of 18 years and not a party to the above-entitled proceeding. My business address is 150 California Street, Suite 2100, San Francisco, CA 94111.

On May 30, 2015, I served the foregoing:

REQUEST FOR DISMISSAL

on the following person(s) by delivering (or causing to be delivered) true and correct copies thereof as follows:

[**XX**] BY MAIL   By placing true and correct copies thereof in the United States mail at San Francisco, California, with postage fully prepaid, addressed as set forth below.

> Geoffrey C. Westbrook, Esq
> Seyfarth Shaw, LLP
> 400 Capitol Mall Ste 2350
> Sacramento, CA 95814-4428

[   ] BY HAND   By placing true and correct copies thereof in a sealed envelope and delivering or causing to be hand delivered to the address(es) set forth below.

[   ] BY FACSIMILE TRANSMISSION By sending true and correct copies thereof by facsimile transmission to the following telephone number: 415-555-5555 and thereafter mailing true and correct copies thereof by United States mail to the address(es) listed below.

[   ] BY OVERNIGHT EXPRESS By placing true and correct copies thereof in a sealed envelope and delivering the same to an overnight courier service addressed as set forth below.

I am employed in the office of a member of the bar of this court at whose direction this service was made.

I declare the foregoing to be true under the penalty of perjury of the laws of the State of California. Executed May 30, 2015 at San Francisco, California.

Susan Denise Jaffe

-1-

**EXHIBIT D**

# COSTCO WHOLESALE

## CALIFORNIA APPLICATION FOR EMPLOYMENT

Please print plainly

Costco Wholesale provides equal opportunity in all areas of employment and does not discriminate against any individual regardless of race, color, religion, sex, age, disability, sexual orientation, veteran status, national origin, or other protected classes under federal, state or local law.

**PERSONAL**

NAME Lindsey Laurie A   DATE 4/23/03
LAST   FIRST   MIDDLE INITIAL

SOC. SEC. NO. Redacted

CURRENT ADDRESS Redacted   Rohnert Park   Ca   94928
NUMBER/STREET   CITY   STATE   ZIP

HOME PHONE NO. Redacted   WORK PHONE NO. Redacted
AREA CODE   AREA CODE
Redacted

ARE YOU AGE 18 OR OVER? ☑YES ☐NO   ARE YOU LEGALLY ABLE TO WORK IN THIS COUNTRY? ☑YES ☐NO

POSITION OR TYPE OF EMPLOYMENT DESIRED   Redacted

WAGE DESIRED   Redacted

AVAILABLE FOR   ☐FULL TIME ☑PART TIME ☐TEMPORARY   DATE AVAILABLE   Redacted

NAMES OF RELATIVES EMPLOYED BY THIS COMPANY _____

HAVE YOU EVER BEEN EMPLOYED BY OR APPLIED FOR EMPLOYMENT WITH THIS COMPANY? ☐YES ☑NO   IF YES,
INDICATE COSTCO LOCATION WHERE EMPLOYED AND DATES OF EMPLOYMENT OR LOCATION AND DATE OF APPLICATION

INDICATE HOW YOU LEARNED OF THIS OPENING, PLEASE CHECK ONE:

☐BY OWN ACCORD ☐AGENCY (NAME OF AGENCY) _____ ☐ADVERTISEMENT _____

☐EMPLOYEE REFERRAL (NAME OF EMPLOYEE) _____

☑OTHER   Redacted

HAVE YOU BEEN CONVICTED OF A CRIME WITHIN THE LAST 7 YEARS OR RELEASED FROM PRISON FOR A FELONY WITHIN THE LAST 7 YEARS? (Conviction of a crime is not an automatic bar to employment, all circumstances will be considered.)
(Do not disclose convictions for misdemeanor marijuana-related offenses that are more than 2 years old or convictions that have been expunged, sealed or statutorily eradicated.)

☐YES ☑NO   IF YES, PLEASE EXPLAIN _____

MILITARY (U.S.) ☐YES ☑NO

**EDUCATION**

UNDER WHAT NAME (S) WILL YOUR SCHOOL OR COLLEGE TRANSCRIPTS BE LISTED?

| TYPE OF SCHOOL | SCHOOL NAME AND ADDRESS | MAJOR SUBJECT | CIRCLE LAST YR COMPLETED | IF GRADUATED, GIVE DEGREE |
|---|---|---|---|---|
| HIGH SCHL | Redacted | Redacted | 1 2 3 ④ | Redacted |
| COLLEGE | Redacted | Redacted | 1 2 3 4 | |
| GRAD SCHL | | | 1 2 3 4 | |
| OTHER | | | 1 2 3 4 | |

FORM #PR02CA 01/03

**SKILLS/TRAINING**

**WHAT MACHINES OR EQUIPMENT CAN YOU OPERATE?**

- ☐ FORKLIFT
- ☐ PALLET JACK
- ☐ ELEC. PALLET JACK
- ☐ FLOOR SCRUBBER
- ☑ CREDIT CARD MACHINE
- ☑ CASH REGISTER
- ☐ AS400 / I-SERIES
- ☐ PC – WORD
- ☐ PC – EXCEL
- ☐ 10-KEY
- ☑ FOOD PREP EQUIP
- ☐ TIRE SHOP EQUIP
- ☐ OPTICAL EQUIP
- ☐ 1 HR PHOTO EQUIP
- ☐ COMM. BAKERY EQUIP
- ☐ COMM. MEAT DEPT EQUIP
- ☐ VAULT / CASH OFFICE EQUIP

OTHER: _____

CURRENT STATE OCCUPATIONAL LICENSES HELD: _____

**WORK HISTORY**

## PLEASE LIST YOUR EMPLOYERS FROM THE LAST 10 YEARS

| | PRESENT OR LAST EMPLOYER | NEXT TO LAST EMPLOYER | SECOND FROM LAST EMPLOYER | THIRD FROM LAST EMPLOYER |
|---|---|---|---|---|
| COMPANY NAME | Redacted | | | |
| ADDRESS | 555 Rohnert Park Expressway, Rohnert Park, Ca | 8182 E. Santa Ana Canyon, Anaheim, Ca 92808 | | |
| PHONE NUMBER W/ AREA CODE | Redacted | | | |
| KIND OF WORK / JOB TITLE | Redacted | | | |
| DATE STARTED | Redacted | | | |
| DATE LEFT | | Redacted | | |
| WAGE – START / LAST | Redacted | | | |
| NAME OF SUPERVISOR | Redacted | | | |
| REASON FOR LEAVING | | Redacted | | |
| REFERENCE NAME | Redacted | | | |
| REFERENCE PHONE # | | | | |

Please use additional sheets if necessary.  You may also be asked to provide additional work history.

**PLEASE READ CAREFULLY**

### PLEASE READ CAREFULLY

Read carefully the following statement and agreement before signing the application.

1. I certify that the information contained in this application is correct to the best of my knowledge and that any material misrepresentation(s) and/or omission(s) on this application or in any written or oral statement used to secure my employment is/are grounds for dismissal from the employ of Costco Wholesale if I am hired or rejection of my application for employment, regardless of the time elapsed before discovery.

2. I authorize Costco Wholesale to investigate my references and other information about me, and I authorize my former employers and any other persons or organizations to provide any accurate information they have about my background.  I release Costco and all other persons and entities from any claim arising out of the investigation or disclosure. **This authorization includes conducting criminal background checks, before and during employment.**

3. I understand that Costco Wholesale policy prohibits an employee under the influence of intoxicants or controlled substances from working, and that testing may be required of an employee reasonably suspected to be under the influence, or who is involved in or who contributed to an accident involving injury or harm to individuals, property or equipment (except where prohibited by law).

4. **In order for Costco Wholesale to maintain a drug-free work environment, all applicants must successfully pass a substance abuse screen prior to employment (except in those states where such screening is prohibited).**

5. I understand that there will be a probationary period at the beginning of my employment.

☐ I waive my right to receive a copy of any public records that I otherwise would have a right to receive under California law if such records are obtained by Costco directly without using an outside agency.

4/23/03
DATE OF SIGNING

*Laurie Lindsey*
SIGNATURE OF APPLICANT

FORM #PR02CA 01/03

**EXHIBIT E**

1  Stephen R. Jaffe, Cal. Bar No. 49539
   stephen.r.jaffe@jaffetriallaw.com
2  Bailey K. Bifoss, Cal. Bar No. 278392
   bailey.k.bifoss@jaffetriallaw.com
3  THE JAFFE LAW FIRM
   150 California Street, 21st Floor
4  San Francisco, California 94111
   T: (415) 618-0100
5  F: (415) 618-0080

6  Attorneys for Plaintiff
   LAURIE LINDSEY
7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN FRANCISCO

10                       UNLIMITED CIVIL JURISDICTION

11

12  LAURIE LINDSEY,                          Case No.: CGC-14-543028

13            Plaintiff,

14       v.

15  COSTCO WHOLESALE, a Washington
    Corporation; JUAN AGUILERA; DOES 1-20,
16  inclusive,

17            Defendants.

18

19

20                  PROPOUNDING PARTY: COSTCO WHOLESALE

21                  RESPONDING PARTY: LAURIE LINDSEY

22                  SET NO.: ONE

23

24

25

26

27

28

                                              CASE NO. CGC-14-543028
                                   LINDSEY RESP. TO COSTCO SPROG (SET ONE)

Plaintiff LAURIE LINDSEY ("Plaintiff") hereby objects and/or otherwise responds to the Special Interrogatories, propounded by Defendant COSTCO WHOLESALE ("Costco" or "Defendant").

## PRELIMINARY STATEMENT

Plaintiff has not completed her investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for hearing. Therefore, Plaintiff's Responses are based on Plaintiff's knowledge, information, and belief at this time. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts and documents, add meaning to known facts or documents, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the information herein set forth. The information provided herein is provided in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of Plaintiff in relation to further discovery, research, or analysis.

Moreover, these Responses were prepared based on Plaintiff's good faith interpretation and understanding of the Interrogatories and are subject to correction for inadvertent errors or omissions, if any. Plaintiff reserves the right to refer to, to conduct discovery with reference to or to offer into evidence at the time of hearing, any and all facts, evidence, documents and things developed during the course of discovery and hearing preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses. In addition, Plaintiff assumes no obligation to voluntarily supplement or amend these Responses to reflect information, evidence, documents or things discovered following service of these Responses. Nevertheless, these Responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence and documentation, which hereinafter may be discovered.

Except for explicit facts admitted herein, no incidental or implied admissions are intended. The fact that Plaintiff has answered or objected to any Request or part thereof should not be taken

1

as an admission that Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by such Request, or that such Response constitutes admissible evidence. The fact that Plaintiff has answered part or all of any Request is not intended to be a waiver by Plaintiff of all or any part of any objection to any Request.

**GENERAL OBJECTIONS**

1. Plaintiff objects to these Interrogatories to the extent that they seek information and/or the identification of documents protected by the attorney-client privilege, attorney work product doctrine, the right to privacy, and/or other right or privilege that protects such information from disclosure. The inadvertent disclosure of such information shall not constitute waiver of any of Plaintiff's rights or privileges.

2. Plaintiff objects to these Interrogatories to the extent that they are compound, vague, overbroad, unduly burdensome, oppressive, or seek information that is not relevant to the subject matter of the allegations or is not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to these Interrogatories to the extent the information sought is unreasonably cumulative or duplicative.

4. Plaintiff objects to these Interrogatories to the extent that they seek information not within Plaintiff's possession, custody, or control.

5. Plaintiff objects to these Interrogatories to the extent that they seek to impose obligations beyond those established by the California Code of Civil Procedure. Plaintiff will respond to these Interrogatories consistent with the California Code of Civil Procedure.

6. Plaintiff objects to these Interrogatories to the extent that they seek information which is protected from disclosure by any individual's constitutional, statutory, and/or common law right of privacy and Plaintiff declines to provide such information.

7. The above-stated general objections are incorporated by reference into each and every specific Response set forth below.

2

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES**

INTERROGATORY NO. 1:

DESCRIBE YOUR claim for compensatory damages as alleged in YOUR civil Complaint.

RESPONSE TO INTERROGATORY NO. 1:

Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to "DESCRIBE" and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Lindsey responds as follows:

As a result of defendant Juan Aguilera's assault and battery, Lindsey paid approximately $2,000 in out-of-pocket medical costs. Also as a result of Aguilera's assault and battery, Lindsey took approximately two weeks off work. Lindsey makes approximately $22 per hour. Therefore, by being compelled to take two weeks off work, Lindsey lost approximately $1,760. Finally, as a direct result of Aguilera's ongoing harassing and discriminatory behavior, Lindsey has seen a therapist approximately once every two weeks since September 2014. Lindsey's therapist charges $15 per session, and Lindsey has paid approximately $105 to date to her therapist. In total, Lindsey seeks approximately $3865 in compensatory economic damages.

Lindsey has also experienced and continues to experience severe emotional distress as a result of working with defendant Juan Aguilera. When working with Lindsey, Aguilera compares his job performance to Lindsey's; makes sexual innuendos; humiliates Lindsey in front of Costco members by questioning her intellect; makes inappropriate comments about Lindsey's "aesthetics"; and is consistently hostile and aggressive toward Lindsey. Lindsey seeks no less than $250,000 in compensation for her emotional injuries.

INTERROGATORY NO. 2:

DESCRIBE YOUR claim for damages relating to emotional distress as alleged in YOUR civil Complaint.

3

1  RESPONSE TO INTERROGATORY NO. 2:

2      Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to

3  "DESCRIBE" and calls for a legal conclusion. Subject to and without waiving the foregoing

4  objections, Lindsey responds as follows:

5      Lindsey experienced and continues to experience severe emotional distress as a result of

6  working with defendant Juan Aguilera. When working with Lindsey, Aguilera compares his job

7  performance to Lindsey's; makes sexual innuendos; humiliates Lindsey in front of Costco

8  members by questioning her intellect; makes inappropriate comments about Lindsey's

9  "aesthetics"; and is consistently hostile and aggressive toward Lindsey. Lindsey seeks no less

10  than $250,000 in compensation for her emotional injuries.

11

12  INTERROGATORY NO. 3:

13      DESCRIBE YOUR punitive damages claim as alleged in YOUR Complaint.

14

15  RESPONSE TO INTERROGATORY NO. 3:

16      Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to

17  "DESCRIBE" and calls for a legal conclusion. Subject to and without waiving the foregoing

18  objections, Lindsey responds as follows:

19      The conduct of Aguilera amounts to intentional acts and torts and gives rise to an action

20  for punitive damages.

21

22  INTERROGATORY NO. 4:

23      DESRIBE YOUR special damages claim estimated by YOU as approximately $25,000 in

24  YOUR Complaint.

25

26  RESPONSE TO INTERROGATORY NO. 4:

27      Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to

28

"DESCRIBE" and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Lindsey responds as follows:

Lindsey's special damages are synonymous with her economic damages described above.

INTERROGATORY NO. 5:

List each specific psychiatric injury YOU sustained as a result of Defendants' conduct alleged by YOU in the Complaint and the date of diagnosis for each injury.

RESPONSE TO INTERROGATORY NO. 5:

Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to "psychiatric injury." Subject to and without waiving the foregoing objections, Lindsey responds as follows:

Since late 2007 or early 2008, Lindsey has experienced anxiety and panic attacks resultant from defendants' conduct. Lindsey does not have a date of diagnosis for these injuries.

INTERROGATORY NO. 6:

IDENTIFY each and every HEALTHCARE PROVIDER whom YOU have seen in connection with alleged damages YOU suffered for "shock, embarrassment, humiliation, emotional distress, stress, and multiple physical symptoms" YOU allege were caused by DEFENDANT in YOUR Complaint.

RESPONSE TO INTERROGATORY NO. 6:

Maxine Auerbach, LCSW
412 Red Hill Ave., #5
San Anselmo, California 94960

INTERROGATORY NO. 7:

IDENTIFY each and every HEALTHCARE PROVIDER whom YOU have seen at any time

3

1   from January 1, 2008 to the present in connection with your mental health.

2

3   RESPONSE TO INTERROGATORY NO. 7:

4          Lindsey objects to this interrogatory on the grounds it is overbroad, not calculated to lead

5   to the discovery of admissible evidence, and infringes upon her constitutionally-protected right to

6   privacy. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

7   Maxine Auerbach, LCSW          Sandra Hall
    412 Red Hill Ave., #5           Lyon-Martin Health Services
8   San Anselmo, California 94960   1748 Market Street, Suite 201
                                    San     Francisco,     California
9                                   94102

10

11  INTERROGATORY NO. 8:

12         For each HEALTHCARE PROVIDER YOU consulted in connection with YOUR mental

13  health from January 1, 2008 to the present, explain the nature of each problem for which YOU

14  sought their assistance.

15

16  RESPONSE TO INTERROGATORY NO. 8:

17         Lindsey objects to this interrogatory on the grounds it is overbroad, not reasonably

18  calculated to lead to the discovery of admissible evidence, and infringes upon her constitutionally-

19  protected right to privacy. Subject to and without waiving the foregoing objections, Plaintiff

20  responds as follows:

21  Maxine Auerbach, LCSW          Sandra Hall
    412 Red Hill Ave., #5           Lyon-Martin Health Services
22  San Anselmo, California 94960   1748 Market Street, Suite 201
                                    San     Francisco,     California
23                                  94102

24

25         In 2010, Lindsey regularly received services from Sandra Hall with Lyon-Martin Health

26  Services because of anxiety and discomfort she experienced as a result of her work environment.

27         In fall 2014, Lindsey visited Maxine Auerbach because of anxiety and trauma related to the

28  sexual harassment, assault, and battery she suffered because of Juan Aguilera.

4

INTERROGATORY NO. 9:

IDENTIFY each and every HEALTHCARE PROVIDER whom YOU have seen in connection with damages caused by DEFENDANT as alleged in YOUR Complaint.

RESPONSE TO INTERROGATORY NO. 9:

1. San Francisco Medical Center
2425 Geary Blvd.
San Francisco, California 94115
(415) 833-3300
Service Date: 8/9/2014
Provider: Emblad, P;ER visit Level 2

2. Kaiser Permanente Occupational Health Center
601 Van Ness Avenue
San Francisco, California 94102
(415) 833-2000
Service Date: 8/11/2014, 8:30AM
Provider: Muhlner, Stasia Bochnowski (M.D.)

3. California Pacific Orthopedics & Sports Medicine
3838 California Street, Suite 715
San Francisco, California 94118
(415) 668-8010
Service Date: 8/20/2014; 10/8/2014
Provider: William L. Green, M.D.

4. California Pacific Medical Center, Davies Campus
45 Castro Street
San Francisco, California 94114
(415) 600-6000
Provider: Pierce, Tara R, OT

5. Maxine Auerbach, LCSW
412 Red Hill Ave., #5
San Anselmo, California 94960

6. Sandra Hall
Lyon-Martin Health Services
1748 Market Street, Suite 201
San Francisco, California 94102

INTERROGATORY NO. 10:

IDENTIFY each and every HEALTHCARE PROVIDER whom YOU have seen in connection with YOUR right wrist from January 1, 2004 to the present.

RESPONSE TO INTERROGATORY NO. 10:

Lindsey objects to this interrogatory on the grounds it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and infringes upon her constitutionally-protected right to privacy. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

5

| | |
|---|---|
| 1. Kaiser Permanente Occupational Health Center | 2. San Francisco Medical Center |
| 601 Van Ness Avenue | 2425 Geary Boulevard |
| San Francisco, California 94102 | San Francisco, California 94115 |
| (415) 833-2000 | (415) 833-3300 |
| Service Date: Wrist/Strain (Injury Date: 12/31/2013) | Service Date: Defendant Aguilera assault 8/9/2014 |
| Patient evaluated and deemed able to RTW at full capacity on 4/25/2014 | Provider: Emblad, P/ER visit Level 2 |
| Provider: Muhlner, Stasia Bochnowski (M.D.); Raftopoulous, Evanthis (P.T.) | |
| Service Date: Defendant Aguilera assault (8/9/2014) | |
| Provider: Muhlner, Stasia Bochnowski (M.D.) | |
| 3. California Pacific Orthopedics & Sports Medicine | 4. California Pacific Medical Center Davies Campus |
| 3838 California Street, Suite 715 | 45 Castro Street |
| San Francisco, California 94118 | San Francisco, California 94114 |
| (415) 668-8010 | (415) 600-6000 |
| Service Date: Defendant Aguilera assault: 8/20/2014; 10/8/2014 | Provider: Pierce, Tara R, OT |
| Provider: William L. Green, M.D. | |

INTERROGATORY NO. 11:

IDENTIFY each and every HEALTHCARE PROVIDER whom YOU have seen in connection with YOUR right forearm from January 1, 2004 to the present.


RESPONSE TO INTERROGATORY 11:

Lindsey objects to this interrogatory on the grounds it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and infringes upon her constitutionally-protected right to privacy. Lindsey incorporates by reference the healthcare providers she has seen in connection with damages caused by defendants, as set forth in response to Interrogatory 10.


INTERROGATORY NO. 12:

IDENTIFY each and every HEALTHCARE PROVIDER whom YOU have seen in

6

1  connection with YOUR right arm from January 1, 2004 to the present.

2

3  RESPONSE TO INTERROGATORY NO. 12:

4        Lindsey objects to this interrogatory on the grounds it is overbroad, not reasonably

5  calculated to lead to the discovery of admissible evidence, and infringes upon her constitutionally-

6  protected right to privacy. Lindsey incorporates by reference the healthcare providers she has seen

7  in connection with damages caused by defendants, as set forth in response to Interrogatory 10.

8

9  INTERROGATORY NO. 13:

10       IDENTIFY each and every HEALTHCARE PROVIDER whom YOU have seen in

11 connection defendant Juan Aguilar's alleged "hid" with his "chest and upper right arm" on YOU

12 on August 9, 2014 as alleged in YOUR Complaint.

13

14 RESPONSE TO INTERROGATORY NO. 13:

15 1. San Francisco Medical Center                2. Kaiser Permanente Occupational Health Center
   2425 Geary Blvd.                               601 Van Ness Avenue
16 San Francisco, California 94115                San Francisco, California 94102
   (415) 833-3300                                 (415) 833-2000
17 Service Date: 8/9/2014                         Service Date: 8/11/2014, 8:30AM
18 Provider: Emblad, P;ER visit Level 2           Provider: Muhlner, Stasia Bochnowski (M.D.)

19 3.  California Pacific Orthopedics & Sports     4.  California Pacific Medical Center, Davies
   Medicine                                       Campus
20 3838 California Street, Suite 715              45 Castro Street
   San Francisco, California 94118                San Francisco, California 94114
21 (415) 668-8010                                 (415) 600-6000
22 Service Date: 8/20/2014; 10/8/2014            Provider: Pierce, Tara R, OT
   Provider: William L. Green, M.D.
23

24 5. Maxine Auerbach, LCSW                        6. Sandra Hall
   412 Red Hill Ave., #5                          Lyon-Martin Health Services
25 San Anselmo, California 94960                  1748 Market Street, Suite 201
   San Francisco, California 94102
26

27

28                                    7

INTERROGATORY NO. 14:

IDENTIFY every prospective employer to which YOU submitted an employment application since January 1, 2008.

RESPONSE TO INTERROGATORY NO. 14:

Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to "prospective employer." Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

2011:     Costco Wholesale Corporation, Personnel Specialist

2011:     Neiman Marcus, Sales Associate for Fine Apparel

2011:     Superior Court of San Francisco, Office Assistant

2013:     Project Homeless Connect

2013:     Gina Khan Salon

INTERROGATORY NO. 15:

IDENTIFY every prospective employer for which YOU completed an application since January 1, 2008.

RESPONSE TO INTERROGATORY NO. 15:

Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to "prospective employer" and "completed an application." Subject to and without waiving the foregoing objections, Lindsey responds as follows:

2011:     Costco Wholesale Corporation, Personnel Specialist

2011:     Neiman Marcus, Sales Associate for Fine Apparel

2011:     Superior Court of San Francisco, Office Assistant

2013:     Project Homeless Connect

2013:     Gina Khan Salon

1

2   INTERROGATORY NO. 16:

3     IDENTIFY every prospective employer YOU sent a resume since January 1, 2008.

4

5   RESPONSE TO INTERROGATORY NO. 16:

6     Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to

7   "prospective employer." Subject to and without waiving the foregoing objections, Lindsey

8   responds as follows:

9    2011: Costco Wholesale Corporation, Personnel Specialist

10   2011: Neiman Marcus, Sales Associate for Fine Apparel

11   2011: Superior Court of San Francisco, Office Assistant

12   2013: Project Homeless Connect

13   2013: Gina Khan Salon

14

15  INTERROGATORY NO. 17:

16    IDENTIFY every prospective employer that offered YOU employment since January 1,

17  2008.

18

19  RESPONSE TO INTERROGATORY NO. 17:

20    Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to

21  "prospective employer." Subject to and without waiving the foregoing objections, Lindsey

22  responds as follows:

23   Face-It Salon, Helen Woo
 2343 Market Street

24   San Francisco, California 94114

25

26  INTERROGATORY NO. 18:

27    State the amount YOU have had to pay to any third party to obtain medical benefits

28  (including medical, dental and/or vision) since January 1, 2008.

9

1

2   RESPONSE TO INTERROGATORY NO. 18:

3          Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to

4   "medical benefits" and "third party" and overbroad as to time.

5

6   INTERROGATORY NO. 19:

7          State the amount YOU have had to pay to each HEALTHCARE PROVIDER that provided

8   medical treatment to YOU since January 1, 2008.

9

10  RESPONSE TO INTERROGATORY NO. 19:

11         Lindsey objects to this interrogatory on the grounds it is vague and ambiguous as to

12  "medical treatment" and overbroad as to time. Lindsey further objects to this interrogatory on the

13  grounds it is unduly burdensome and harassing, seeks information which is equally or more

14  available to Defendant through less intrusive means, and requires a compilation or summary of

15  the medical records Defendant has requested herein.

16

17  INTERROGATORY NO. 20:

18         IDENTIFY each and every PERSON present when defendant Juan Aguilera allegedly said,

19  "You're chopped liver – she's filet mignon" as alleged in YOUR Complaint.

20

21  RESPONSE TO INTERROGATORY NO. 20:

22  Plaintiff, Laurie Lindsey

23  Defendant, Juan Aguilera

24  Tina Huang

25

26  INTERROGATORY NO. 21:

27         IDENTIFY each and every PERSON present when defendant Juan Aguilera allegedly said

28
                                    10

1  a "sexual and degrading remark" to YOU as alleged in YOUR Complaint from 2008 to the

2  present.

3

4  RESPONSE TO INTERROGATORY NO. 21:

5       Lindsey objects to this interrogatory on the grounds it is overbroad, unduly burdensome

6  and oppressive. Subject to and without waiving the foregoing objections, Lindsey responds as

7  follows:

8    Plaintiff, Laurie Lindsey

9    Defendant, Juan Aguilera

10   Senad Hatipovik

11   Gloria Yip

12   Guy Wikium

13   Tina Huang

14   Other coworkers and supervisors; Costco members

15

16  INTERROGATORY NO. 22:

17       IDENTIFY each and every PERSON present when defendant Juan Aguilera allegedly

18  referred to YOU as "sir" as alleged in YOUR Complaint.

19

20  RESPONSE TO INTERROGATORY NO. 22:

21   Plaintiff, Laurie Lindsey

22   Defendant, Juan Aguilera

23   Other coworkers and supervisors; Costco members

24

25  INTERROGATORY NO. 23:

26       IDENTIFY each and every PERSON present when defendant Juan Aguilera allegedly said,

27  "Gaps are meant to be filled" as alleged in YOUR Complaint.

28

11

RESPONSE TO INTERROGATORY NO. 23:

Plaintiff, Laurie Lindsey

Defendant, Juan Aguilera

Guy Wikium

INTERROGATORY NO. 24:

IDENTIFY each and every PERSON present when defendant Juan Aguilera allegedly said, "They would be lesbians" as alleged in YOUR Complaint.

RESPONSE TO INTERROGATORY NO. 24:

Plaintiff, Laurie Lindsey

Defendant, Juan Aguilera

Two Costco employees whose names Lindsey cannot identify

INTERROGATORY NO. 25:

IDENTIFY each and every PERSON present when defendant Juan Aguilera allegedly "hit" YOU with his "chest and upper right arm" on August 9, 2014 as alleged in YOUR Complaint.

RESPONSE TO INTERROGATORY NO. 25:

Plaintiff, Laurie Lindsey

Defendant, Juan Aguilera

Cynthia (LP Visual Observation Room)

Rolly Galvez

//

12

1   Dated: March 13, 2015                THE JAFFE LAW FIRM

2

3

4

5                                 Stephen R. Jaffe (SBN 49539)

6                                 Bailey K. Bifoss (SBN 278392)

                                  Attorneys for Plaintiff LAURIE LINDSEY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, LAURIE LINDSEY, am a plaintiff in this action.  I have reviewed my responses to Defendant COSTCO WHOLESALE'S Special Interrogatories, Set One.  I am familiar with the contents of the same.

I declare under penalty of perjury under the laws of the United States that the contents of my responses are true and correct, and that this declaration was executed in San Francisco_____, on April 16th_____, 2015.

_____
LAURIE LINDSEY

VERE TO COSTCO SPECIAL INTERROGATORIES